Donahue, J.
From the facts found by the court of appeals, it is clear that this allotment was laid out by The Clifton Park Land & Improvement Company according to a general plan imposing uniform restrictions for a period of fifty years upon all the lots in this addition, and that, in consideration of the acceptance by the purchaser of the conditions imposed, The Clifton Park Land & Improvement Company agreed that all sales or leases of other lots in that allotment, similarly located, should be subject to like restrictions as to the use of the same.
That being true, it follows that the purchasers and present owners of any of these lots have the right to enforce the restrictions imposed upon these lots in the deeds from the original proprietors, for there could be no purpose in writing such restrictions in the deeds if any one or more of the pur- . chasers or their subsequent grantees or lessees were permitted to disregard the same and devote the property to a use prohibited by the restrictions, regardless of the rights of other lot owners.
These restrictions were not imposed for the benefit of the original proprietor, further than the fact that the general and uniform plan of restricting the allotment to resident purposes might contribute to a readier sale of the lots. The real purpose of the restrictions was to guarantee to the purchasers a quiet residence locality, where they might build their homes and live apart from the *360 noise of manufacturing and the bustle and confusion of the marts of trade. The great majority of these purchasers undoubtedly bought with this idea in view. Their grantor kept faith and imposed like restrictions upon all the lots in this allotment that were similarly located. The purchaser who bought with the intent or purpose of disregarding the restrictions and devoting the property purchased by him to any purpose that might suit his whim or his business needs, regardless of the restrictions written in his deed, has no standing in a court of equity.
It is insisted, however, that this is to be devoted to a public use, that the public has the right to take private property for public use whenever it becomes necessary, and that no contract can be made that will prevent the state or any body politic or corporate, having the right of eminent domain, from appropriating private property to public use. 'That is a self-evident proposition, but it is not the case presented for review.
These private proprietors have undertaken to create a public thoroughfare through this addition and over the lands subject to these restrictions. Public ways cannot be established in this manner. The need of such thoroughfares is a question to be determined by the public authorities. ■ When these authorities have determined the necessities of such ways, private property can be taken for such use, regardless of restrictions or limitations placed upon the same by deed, contract or otherwise, and when established, these ways come under the control of the public authorities, whose duty *361 it is to keep them in repair, free from nuisance and open for public travel. The question whether the owners of other lots in this addition have any property interest in these lots that would require them to be compensated before being taken for public use does not arise in this case.
It is said in argument that these lots have already been deeded to the city of Lakewood for street purposes, but no presumption obtains that the city will accept such grant, for this carries with it burdens of construction, maintenance, care and control that the city authorities may not care to assume.
The only question presented in this record is the question of the right of The Clifton Land Company to devote these lots, covered by these restrictions, to street purposes, and that- question must be answered in the negative.
The judgment of the court of appeals is reversed, and judgment entered for plaintiffs in error, upon the facts found by that court.

Judgment reversed and judgment for plaintiffs in error.

Johnson, Newman, Wanamaker, Matthias and Jones, JJ., concur.
Nichols, C. J., dissents.